**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| DENNIS R. SIPLE and<br>MARION C. SIPLE,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORP.,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:14-cv-02841-RDB<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S JOINDER
IN MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, Equifax Information Services LLC ("EIS"), incorrectly identified in Plaintiff's Complaint as "Equifax," submits this Joinder in Defendant Trans Union, LLC's ("Trans Union") Motion to Dismiss Plaintiffs' Complaint (Doc. 13) and Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss (Doc. 15), showing the court as follows:

    1.    Plaintiff's 26 page, 173 paragraph Complaint contains no specific allegations regarding EIS and only two specific allegations against the three consumer reporting agency defendants, EIS, Trans Union and Experian (collectively the "CRAs"). (Doc. 1, ¶¶ 36, 173.)

    2.    In its Motion, Trans Union sets forth the basis for dismissal of Plaintiffs' Complaint against the CRAs on two grounds: (1) the Complaint does not comply with Fed. R. Civ. P. 8 and fails to contain simple, concise, and direct allegations, and, (2) Plaintiffs cannot establish inaccuracy and, thus, any claim under the Fair Credit

1

Reporting Act fails, citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-67 (1st Cir. 2008) and *Jianqing Wu v. Trans Union*, No. AW-03-1290, 2006 U.S. Dist. LEXIS 96712 (D. Md. May 2, 2006).  (Doc. 13-1 at 4-6.)

3. In its Motion, Experian also sets forth the basis for dismissal of Plaintiffs' Complaint and shows that each Count alleged against the CRAs fails due to the lack of any specific allegations to support them, citing *Jackson v. Experian Fin. Servs.*, No. RDB-13-1758, 2014 WL 794360 *1 (D. Md. Feb. 26, 2014), and for a variety of other reasons.

4. EIS hereby gives notice that its joins in Trans Union's and Experian's Motions to Dismiss and incorporates and adopts all arguments and authorities submitted by Trans Union and Experian as though fully set out herein by EIS.  For the reasons set forth in Trans Union's and Experian's motions, Plaintiffs' Complaint should also be dismissed against EIS.

WHEREFORE, EIS requests that Plaintiff's claims against it be dismissed.

Respectfully submitted this 23rd day of October, 2014.

        ___*/s/ Nathan D. Adler*_____
        Nathan Daniel Adler
        Bar No: 22645
        Neuberger, Quinn, Gielen, Rubin
         & Gibber, P.A.
        One South Street, 27th Floor
        Baltimore, Maryland  21202-3201
        (410) 332-8516
        (410) 332-8517 (fax)
        nda@nqgrg.com

        Attorneys for Equifax Information
        Services LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2014, I electronically filed the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S JOINDER IN MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT with the Clerk of Court using the CM/ECF system and served a copy by U.S. Mail to the following:

Dennis R. Siple
Marion C. Siple
422 Big Elk Chapel Road
Elkton, MD 21921

*/s/ Nathan D. Adler*
Nathan D. Adler