IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENNIS SIPLE and MARION SIPLE, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-14-2841 |
| FIRST FRANKLIN FINANCIAL CORPORATION, *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Dennis Siple and Marion Siple ("the Siples" or "Plaintiffs") bring this *pro se* action against Defendants First Franklin Financial Corporation ("First Franklin"), U.S. Bank National Association ("U.S. Bank"), Nationstar Mortgage, LLC ("Nationstar"), Bank of America, N.A. ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Juan Soto ("Soto"),[1] Wendy Sevier ("Sevier"),[2] Mark D. Meyer ("Meyer"), John A. Ansell III ("Ansell"), Kenneth Savitz ("Savitz"), Diane S. Rosenberg ("Rosenberg")[3], Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and twenty unnamed and unknown parties.[4] In a thirteen-count Complaint, the Siples allege violations of the Fair Credit

---

[1] Plaintiffs identify Mr. Soto solely in the caption of the subject Complaint. *See* Compl., 1, ECF No. 1. They identify him as an agent for Mortgage Electronic Registration Systems, Inc.. *Id.* Yet, Plaintiffs never explain, either in the Complaint or in its numerous submissions to this Court, how Mr. Soto is individually liable for the alleged violations. As there is no indication of any specific claims against Mr. Soto, nor an entry of default, Plaintiffs' case is DISMISSED as to Juan Soto.

[2] Ms. Sevier is identified as an agent for Bank of America, N.A.

[3] Mr. Meyer, Mr. Ansell, Mr. Savitz, and Ms. Rosenberg are simply identified as trustees, presumably of the deed of trust referenced by Plaintiffs throughout their Complaint. *See generally* Compl.

[4] Plaintiffs provide no information in their Complaint regarding the twenty unnamed individuals – no details related to their roles in the alleged incidents, no facts indicating individual liability, or any information that could

Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962-1964, and various state law claims sounding in negligence, contract, and real property. In addition, Plaintiffs request injunctive relief, as well as declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

Currently pending before this Court are Defendants Bank of America, First Franklin, Nationstar, and Sevier's Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No. 12); Defendant Trans Union's Motion to Dismiss (ECF No. 13); Defendant Experian's Motion to Dismiss (ECF No. 15); Defendant Equifax's Motion to Join Trans Union and Experian's Motions to Dismiss (ECF No. 35); Defendants Bank of America, First Franklin, Nationstar, and Sevier's Motion to Dismiss (ECF No. 37); Defendants Ansell, Meyer, Rosenberg, and Savitz's Motion to Dismiss (ECF No. 42); Defendant Equifax's Motion to Join Trans Union and Experian's Replies in Support of their Motions to Dismiss (ECF No. 54); Defendant U.S. Bank's Motion for Leave to File Response to Plaintiff's Complaint (ECF No. 59); and Defendant U.S. Bank's Motion to Join Bank of America, First Franklin, Nationstar, and Sevier's Motion to Dismiss (ECF No. 60). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).

For the following reasons, Defendants Bank of America, First Franklin, Nationstar, and Sevier's Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No.

---

aid in identifying the unknown parties. *See generally* Compl. Given this lack of specificity and dearth of any information relevant to the twenty unnamed and unknown parties, Plaintiffs' case is DISMISSED WITH PREJUDICE on all counts as to these individuals.

12) is MOOT;[5] Defendant Trans Union's Motion to Dismiss (ECF No. 13) is GRANTED WITH PREJUDICE; Defendant Experian's Motion to Dismiss (ECF No. 15) is GRANTED WITH PREJUDICE; Defendant Equifax's Motion to Join Trans Union and Experian's Motions to Dismiss (ECF No. 35) is GRANTED;[6] Defendants Bank of America, First Franklin, Nationstar, and Sevier's Motion to Dismiss (ECF No. 37) is GRANTED WITH PREJUDICE; Defendants Ansell, Meyer, Rosenberg, and Savitz's Motion to Dismiss (ECF No. 42) is GRANTED WITH PREJUDICE; Defendant Equifax's Motion to Join Trans Union and Experian's Replies in Support of their Motions to Dismiss (ECF No. 54) is GRANTED;[7] Defendant U.S. Bank's Motion for Leave to File Response to Plaintiff's Complaint (ECF No. 59) is GRANTED;[8] and Defendant U.S. Bank's Motion to Join Bank of America, First Franklin, Nationstar; and Sevier's Motion to Dismiss (ECF No. 60) is GRANTED.[9] In sum, this case is DISMISSED WITH PREJUDICE as to all Defendants.

BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the

---

[5] One day after Bank of America, First Franklin, Nationstar, and Ms. Sevier submitted their Motion for Extension of Time, they filed an Amended Motion for Extension of Time (ECF No. 14). This Court granted Defendants' Amended Motion three days later. Order, ECF No. 20. Accordingly, Defendants' first Motion for Extension of Time is MOOT.

[6] Plaintiffs, in their Opposition to Equifax's Motion (ECF No. 46), do not contest Equifax's joinder. Instead, they assert the same arguments levied against Experian and Trans Union's respective Motions to Dismiss. As Plaintiffs present no facts to distinguish between the three credit reporting agencies in the Complaint, Equifax may join Experian and Trans Union's Motions to Dismiss.

[7] This Motion is granted on the same grounds as Equifax's first Motion to Join (ECF No. 35).

[8] Although U.S. Bank filed this Motion for Leave to File Response to Plaintiff's Complaint approximately three months after U.S. Bank was served with the Complaint, U.S. Bank explained that its counsel was retained immediately prior to the filing of the pending Motion. *See* U.S. Bank Mot. for Leave to File Resp. to Pls.' Compl., 1-2, ECF No. 59. The Plaintiffs have identified no resulting prejudice, thus this Motion is GRANTED.

[9] Again, Plaintiffs provide no information with which to distinguish between U.S. Bank and the Defendants whose Motion to Dismiss U.S. Bank moves to join. Accordingly, U.S. Bank may join Bank of America, First Franklin, Nationstar, and Sevier's Motion to Dismiss (ECF No. 37).

plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). As this Court has explained, even *pro se* litigants must "state their claims in an understandable and efficient manner." *Bell v. Bank of America, N.A.*, Civ. A. No. RDB-13-478, 2013 WL 6528966, *1 (D. Md. Dec. 11, 2013).

This case arises out of a foreclosure dispute between Plaintiffs Dennis and Marion Siple and the fifteen named Defendants. *See* Compl. On May 12, 2007, Plaintiffs executed an Adjustable Rate Note ("the Note) in the amount of $236,000 to refinance a property located at 422 Big Elk Chapel Road in Elkton, Maryland ("the Property"). *Id.* ¶ 13. Plaintiffs also executed a Deed of Trust for the Property on the same day. *Id.*; *see also* Bank of America, First Franklin, Nationstar, and Sevier's Mot. to Dismiss Ex. A, ECF No. 37-2 (Deed of Trust).

Although Plaintiffs' Complaint is not clearly stated, it appears that their claims stem from an allegedly novated mortgage agreement. Compl. ¶¶ 76-76.d, 148. Essentially, in or about October 2008, the Siples contend that they received a phone call from an unknown individual, promising a lower payment rate if they defaulted on their mortgage. *Id.* ¶¶ 76-77. Over the next three months, Plaintiffs paid less than their monthly mortgage payments and thus defaulted. *Id.* ¶¶ 76.a-76.c. Nationstar, the current servicer of the loan, initiated

foreclosure proceedings on March 14, 2014 in the Circuit Court for Cecil County, Maryland. *Id.*; *see also* Mem. in Supp. of Bank of America, First Franklin, Nationstar, and Wendy Sevier's Mot. to Dismiss, 2, ECF No. 37-1. The Siples removed the foreclosure action to federal court, but the action was remanded back to the state court on September 11, 2014. *See* Mem. in Supp. of Bank of America, First Franklin, Nationstar, and Wendy Sevier's Mot. to Dismiss, at 2; *see also* Compl. ¶ 2.

Plaintiffs filed the subject action seeking $50,000,000 in damages, injunctive and declaratory relief, various civil penalties, and other relief related to the foreclosure dispute. Defendants subsequently moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In their respective Motions to Dismiss, Defendants argue that Plaintiffs' lengthy and rambling Complaint fails to state any claims for which relief may be granted.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be

alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679 (recognizing no *pro se* exception to the requirement to plead a "plausible claim for relief"); *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010) ("We must dismiss *pro se* complaints that are frivolous or fail to state a claim."). Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, __ F.3d __, 2015 WL 1088931, *11-12 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

<u>ANALYSIS</u>

As previously explained, a complaint must succinctly and clearly state a claim for which relief may be granted to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, under the elevated requirements of *Iqbal* and *Twombly*, a plaintiff, even a *pro se* plaintiff, must state a claim that is plausible. *Iqbal*, 556 U.S. at 679. This claim must be supported by *some* facts sufficient to state a cognizable claim, and not mere conclusory statements and allegations. *Iqbal*, 556 U.S. at 678.

In its 173 paragraphs and thirteen counts, the subject Complaint fails to state one claim for which relief may be granted, let alone thirteen. Far from identifying the applicable law of each count and providing facts to support a plausible claim for relief, Plaintiffs often omit any reference to law or facts. Rather, the nonsensical prose relies on conclusory allegations and repetition of irrelevant legal jargon. Where relevant law is included, it is unaccompanied by any facts to substantiate the claim. Further, instead of tailoring the facts to each of the fifteen named defendants, the Siples provide no details to distinguish Bank of America, for example, from Mark Meyer. Plaintiffs' claims thus fail to rise "above the speculative level" required to survive a motion to dismiss. *Twombly*, 550 U.S. at 547.

This Court acknowledges that "*pro se* plaintiff[s] [are] general[ly] given more leeway than a party represented by counsel," but the *pro se* plaintiff must provide sufficient detail in his complaint to give the defendants reasonable notice of the charges they face. *Bell*, 2013 WL 6528966, at *1-2. In this case, Defendants have no reasonable notice of the nature or circumstances of each pending claim. As a whole, the Complaint irrefutably violates the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Yet, this Court will examine the sufficiency of each individual claim.

## A.  Count One – Negligence (All Defendants)

In Count One, the Siples claim that all Defendants generally acted negligently,[10] allegedly resulting in damage to Plaintiffs' "credit rating [and] credit worthiness." To assert a claim of negligence under Maryland law, a plaintiff must plead: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty,

---

[10] Plaintiffs do not identify specific acts of negligence by the Defendants, individually or collectively.

(3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target, Inc.*, 727 A.2d 947, 949 (Md. 1999) (quoting *BG & E v. Lane*, 656 A.2d 307, 311 (Md. 1995)). A negligence claim, however, is subject to the general Maryland statute of limitations. Md. Code Ann., Cts. & Jud. Proceedings § 5-101. A plaintiff thus must bring his claim within three years from the date on which it accrues. *Id.*

Although it is difficult to determine the exact dates during which the asserted negligence occurred, it appears that the Siples' claims stem from the creation of the Note in May 2007, as well as the alleged call and subsequent default between October 2008 and February 2009. *See* Compl. ¶¶ 13, 76-77, 84, 126, 148, 151. Plaintiffs' negligence claim thus accrued, at the latest, in February 2009. Plaintiffs filed the instant lawsuit, however, on September 8, 2014, over two years after the expiration of the three-year statute of limitations. Accordingly, Plaintiffs have failed to state a claim for which relief may be granted, and Count One is DISMISSED WITH PREJUDICE against all Defendants.

## B. Count Two – Declaratory Judgment (All Defendants)

In Count Two, the Siples seek a declaratory judgment because "[a] good faith case and controversy has arisen concerning the prospective duties, rights and remedies incumbent upon the parties in their action by reason of defendants' claims to equitable title and rights thereunder." *Id.* ¶ 46. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff must sufficiently plead three factors. *Clay v. Chase Bank USA, N.A.*, Civ. A. No. 08:10-2169-AW, 2011 WL 1066570, *5 (D. Md. Mar. 21, 2011). First, "the complaint must allege an actual controversy between the parties of sufficient immediacy and reality to warrant

issuance of a declaratory judgment." *Id.* Second, the presiding court "must possess an independent basis for jurisdiction over the parties." *Id.* Finally, the court "must decide whether to exercise its discretion to determine or dismiss the action." *Id.* Declaratory relief is prudent "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tobar-Barrera v. Napolitano*, Civ. A. No. RDB-10-0176, 2010 WL 972557, *3 (D. Md. Mar. 12, 2010) (citing *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

Viewing the Complaint in the light most favorable to the Plaintiffs, it is still nearly indecipherable. It is unclear how a declaratory judgment could clarify the "legal relations in issue." In fact, it is not even apparent from the Complaint which legal authority would settle the dispute. Second, rather than providing any details as to how a declaratory judgment would resolve the subject controversy, the Siples state merely that such a judgment would end the "good faith case and controversy." Compl. ¶ 46. Instead of providing any facts for this Court to consider in exercising its discretion to resolve the dispute, Plaintiffs merely repeat the factors of a declaratory judgment. Count Two is DISMISSED WITH PREJUDICE as to all Defendants.

### C. Count Three – Temporary Restraining Order and Preliminary Injunction (All Defendants)

In Count Three, Plaintiffs seek to enjoin the foreclosure sale of the Property, as well as any collection on or enforcement of the Note. As the United States Supreme Court explained in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008), a temporary

restraining order (TRO) or preliminary injunction are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The standard set forth by the Supreme Court in *Winter* governs the entry of a preliminary injunction or TRO in federal courts. *The Real Truth About Obama v. FEC*, 575 F.3d 342 (4th Cir. 2009), *vacated*, 130 S. Ct. 2371 (2010), *reinstated in part*, 607 F.3d 356 (4th Cir. 2010). Thus, a claimant must demonstrate:

> (1) likelihood to succeed on the merits,
> (2) likelihood to suffer irreparable harm in the absence of preliminary relief,
> (3) that the balance of equities tips in favor, and
> (4) the injunction is in the public interest.

*Id.* at 347 (quoting *Winter*, 555 U.S. at 22). All four requirements must be satisfied. *The Real Truth About Obama*, 575 F.3d at 345-46.

In this case, the Siples cannot satisfy any of the *Winter* requirements. In fact, they provide no facts specific to this standard. Instead, Plaintiffs merely claim that "all the elements exist for injunctive issuance." Compl. ¶ 52. They claim that all necessary information is set forth in an "Application for TRO and Preliminary Injunction," but attach no such document to the Complaint. *Id.* Given Plaintiffs' conclusory allegations and lack of any specific details justifying injunctive relief, they have failed to state a claim for which relief may be granted. Accordingly, Count Three is DISMISSED WITH PREJUDICE as to all Defendants.

## D. Count Four − Fraudulent Intentional Misrepresentation (All Defendants Except Experian, Equifax, and Trans Union)

In Count Four, the Siples contend that they "were deceived about a benefit that would materially affect their position contractually under the Promissory Note." *Id.* ¶ 75. Under Maryland law, a claim of fraudulent intentional misrepresentation is governed by the general three-year statute of limitations. *See* Md. Code Ann., Cts. & Judicial Proceedings § 5-101. As previously noted, the latest date at which Plaintiffs' claim could accrue was February 2009. Plaintiffs did not file their Complaint until September 8, 2014, over two years after the expiration of the three-year statute of limitations. Even if the Siples had satisfied the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, their claim of fraudulent intentional misrepresentation is time-barred. Count Four is thus DISMISSED WITH PREJUDICE as to all Defendants named in the count.

## E. Count Five – Breach of Implied Covenant Good Faith and Fair Dealing (All Defendants Except Experian, Equifax, and Trans Union)

In Count Five of the subject Complaint, the Siples contend that the named Defendants breached the implied covenants of good faith and fair dealing by enforcing and attempting to collect on the Note when Plaintiffs defaulted in October 2008-February 2009. Compl. ¶¶ 83.1-83.2. Like claims for negligence and fraudulent intentional misrepresentation, Plaintiffs' claim in Count Five must be filed within three years of the date on which the cause of action accrues. *See* Md. Code Ann., Cts. & Judicial Proceedings § 5-101. Plaintiffs defaulted, at the latest, in February 2009. Their claim for breach of the implied covenant of good faith and fair dealing is thus time-barred because they filed the instant action over two years after the latest specified date of accrual. Accordingly, Count Five is DISMISSED WITH PREJUDICE as to all Defendants named in the count.

### F.  Count Six – Quiet Title (All Defendants)[11]

In Count Six, the Siples seek to quiet title to the Property against any claims by Defendants. Compl. ¶ 109. Under Maryland law, a "person in actual peaceable possession of property" may bring a quiet title action "when his title to the property is denied or disputed, or when any other person claims . . . to hold any lien encumberance on it[.]" Md. Code Ann., Real Property § 14-108(a). An action to quiet title serves to "protect the owner of legal title from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions." *Wathen v. Brown*, 429 A.2d 292, 294 (Md. Ct. Spec. App. 1981) (quoting *Textor v. Shipley*, 26 A. 1019, 1019-20 (Md. 1893)).

A plaintiff must demonstrate "both possession and legal title with 'clear proof'" to sustain a quiet title action. *Flores v. Deutsche Bank Nat'l Trust Co.*, Civ. A. No. DKC-10-0217, 2010 WL 2719849, *7 (D. Md. July 7, 2010) (quoting *Stewart et al. v. May*, 73 A. 460, 463-64 (1909)); *see also Porter v. Schaffer*, 728 A.2d 755, 766-67 (Md. Ct. Spec. App. 1999). Yet, even a possessor of legal title, however, may fail. Where a debt remains outstanding, and the obligor presents no plausible reason for rescission of the mortgage, he does not have a claim of quiet title for which relief may be granted. *Johnson v. Prosperity Mortgage Corp.*, Civ. A. No. AW-11-2532, 2011 WL 5513231, *4 (D. Md. Nov. 3, 2011).

In this case, the Siples do not possess legal title to the Property, nor do they claim that the Property is free of encumbrances. *See* Compl. ¶¶ 13, 14. Through the Deed of Trust, Plaintiffs transferred legal title to the trustees. *See Fagnani v. Fisher*, 14 A.3d 282, 289 (Md. 2011) (explaining that a deed of trust "is a security interest device that transfers the legal title

---

[11] Specifically, the Siples bring Count Six against "All Defendants Claiming Rights to Subject Property."

from a property owner to one or more trustees to be held for the benefit of a beneficiary")
(internal citation omitted). Moreover, although the Siples contend that a novation occurred,
they do not dispute the presence of encumbrances on the Property, nor have they presented
a plausible claim for rescission.[12] As the Siples cannot satisfy the conditions precedent for a
quiet title, they cannot state a claim for which relief may be granted. For the foregoing
reasons, Count Six is DISMISSED WITH PREJUDICE as to all Defendants.

## G. Count Seven – Accounting (All Defendants Except Experian, Equifax, and Trans Union)

In Count Seven, the Siples seek an "accounting of their entire loan account from any
and all defendants[.]" Compl. ¶ 24. Under Maryland law, a suit for an accounting is equitable
in nature and "may be maintained when the remedies at law are inadequate." *P.V. Props. Inc.
v. Rock Creek Village Assocs. Ltd. P'Ship*, 549 A.2d 403, 409 (Md. Ct. Spec. App. 1988) (citing
*Nagel v. Todd*, 45 A.2d 326 (Md. 1946)). Specifically,

> An accounting may be had where one party is under an obligation to
> pay money to another based upon facts and records which are known
> and kept exclusively by the party to whom the obligation is owed, or
> where there is a confidential or fiduciary relation between the parties,
> and a duty rests upon the defendant to render an account.

*Id.*

In this case, none of the circumstances identified by the Maryland Court of Special
Appeals are present. Although the Siples were obligated to pay money to First Franklin and
its successors in interest, the relevant records were available to all parties. The Siples have
not alleged that they never received the relevant documents.

---

[12] Rescission will be addressed in Count Twelve.

14

Moreover, the Siples were not in a confidential or fiduciary relation with any of the named Defendants. First, a confidential relation arises "between two persons when one has gained the confidence of the other and purports to act or advise with the other's interest in mind." *Buxton v. Buxton*, 770 A.2d 152, 164 (Md. 2001). The Siples have identified no facts indicating such a relationship with any Defendant. Similarly, they offer no facts indicating the presence of a fiduciary relationship with any Defendant. After all, the relationship between a "bank [and] its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor, and is not fiduciary in nature." *Yousef v. Trustbank Savings, F.S.B.*, 568 A.2d 1134, 1138 (Md. 1990) (internal citations omitted). Regarding the trustee Defendants, a trustee of a deed of trust is in a fiduciary relationship only with the beneficiary – and Plaintiffs are not the beneficiary. Accordingly, Count Seven is DISMISSED WITH PREJUDICE against all Defendants named in the count.

## H. Count Eight – Fair Debt Collection Practices Act (All Defendants)

In Count Eight of the Complaint, the Siples claim that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Compl. ¶¶ 126-27. Claims brought pursuant to the FDCPA, however, are subject to a one-year statute of limitations from the date on which the cause of action accrues. 15 U.S.C. § 1692k(d). Here, the latest date specified in the Complaint on which the cause of action accrued is February 2009. Plaintiffs thus filed the subject lawsuit over four years after the expiration of the statute of limitations. As their claim is time-barred, Count Eight is DISMISSED WITH PREJUDICE as to all Defendants.

**I.   Count Nine – Specific Performance by Promissory or Equitable Estoppel (All Defendants Except Experian, Equifax, and Trans Union)**

In Count Nine, the Siples seek specific performance of the alleged oral contract created by the unnamed caller. Compl. ¶ 147. Yet, a claim for specific performance is governed by the general three-year statute of limitations. Md. Code Ann., Cts. & Judicial Proceedings § 5-101. For the reasons articulated with regards to Counts One (Negligence) and Five (Breach of Implied Covenant of Good Faith and Fair Dealing), Count Nine is DISMISSED WITH PREJUDICE as to all Defendants named in the count.

**J.   Count Ten – Breach of Written and Oral Contract (All Defendants)**

In Count Ten, the Siples inexplicably contend that all Defendants breached the terms of the Note and an alleged second contract not to foreclose on the Property. Compl. ¶¶ 149-152. Like the preceding claim for specific performance, a breach of contract claim is subject to the general three-year statute of limitations. Md. Code Ann., Cts. & Judicial Proceedings § 5-101. For the reasons articulated in Counts One (Negligence), Five (Breach of Implied Covenant of Good Faith and Fair Dealing), and Nine (Specific Performance), Count Ten is DISMISSED WITH PREJUDICE as to all Defendants.

**K.   Count Eleven – Racketeering Influenced Corrupt Organizations Act (All Defendants)**

In Count Eleven, the Siples allege that each Defendant has "taken and committed acts that violate" the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962-1964. Compl. ¶ 159. A civil RICO claim, however, "is a unique cause of action that is concerned with eradicating organized, longterm, habitual criminal activity."

*U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (citation omitted). As this Court explained in *Yesko v. Fell*, Civ. A. No. ELH-13-3927, 2014 WL 4406849, *7-8 (D. Md. Sept. 14, 2014) (quoting *Biggs v. Eaglewood Mortgage, LLC*, 582 F. Supp. 2d 707, 714 (D. Md. 2008)), "RICO treatment is reserved for conduct whose scope and persistence pose a special threat to social well-being." A plaintiff must thus allege that "defendants engaged in a pattern of racketeering activity" of the nature befitting a civil RICO claim. *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000) (citing 18 U.S.C. §§ 1962, 1964). To demonstrate a "pattern of racketeering activity," a plaintiff must plead at least two predicate acts. *Yesko*, 2014 WL 4406849, at *8.

In this case, the Siples have pleaded neither a pattern of racketeering activity nor any predicate acts. Instead, they merely restate the provisions of 18 U.S.C. §§1962, 1964. *See* Compl. ¶¶ 160-160.a. Following the recitation of the RICO provisions, Plaintiffs assure this Court that they "have sufficiently alleged" a civil RICO claim without providing facts specific to any Defendant. *Id.* ¶ 162. Without any facts articulating the underlying pattern of racketeering activity, nor any effort to tailor the claim to each Defendant, the Siples have not pleaded a plausible civil RICO claim under *Iqbal* and *Twombly*. Accordingly, Count Eleven of the subject Complaint is DISMISSED WITH PREJUDICE as to all Defendants.

**L. Count Twelve – Rescission of Note and Deed of Trust and Restitution of Sums Paid (All Defendants Except Experian, Equifax, and Trans Union)**

In Count Twelve, the Siples seek rescission of the Note and Deed of Trust, as well as restitution of at least $200,000. Compl. ¶¶ 165-66. Plaintiffs contend that Defendants violated unspecified provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et*

*seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq. Id.* ¶ 165. Under this authority, the Siples claim that they possess "a right to rescind the active note and deed of trust as a consequence." *Id.* ¶ 165. Any action pursuant to TILA, however, must be filed within one year from "the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e). Similarly, any RESPA claim is subject to a one-year or three-year statute of limitations, depending on the specific provision under which the claim is brought. 12 U.S.C. § 2614.

Plaintiffs' claim for rescission and restitution under TILA and RESPA is thus time-barred. Althought the Siples do not identify which provisions Defendants allegedly violated, the longest possible limitations period is three years, or February 2012. Plaintiffs, however, filed the instant lawsuit over two years after the expiration of the limitations period. Count Twelve is accordingly DISMISSED WITH PREJUDICE as to all named Defendants.

### M. Count Thirteen – Fair Credit Reporting Act (All Defendants)

In Count Thirteen of the Complaint, the Siples claim that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, resulting in damage to their individual and joint credit ratings. Compl. ¶¶ 171. Claims brought pursuant to the FCRA, however, are subject to a statute of limitations measured "not later than the earlier of . . . two years after the date of discovery by the plaintiff of the violation that is the basis for such liability; . . . or five years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Although Plaintiffs do not identify when any alleged violations occurred, it appears that February 2009 is the latest (and only) date named in the Complaint. Plaintiffs provide no facts to indicate that they discovered the alleged violations

at any point after that date. The limitations period thus expired in February 2011, but the Siples did not file the subject action until September 8, 2014. Moreover, had they timely filed, they do not even identify which provision Defendants allegedly violated. For the foregoing reasons, Count Thirteen fails to state a claim for which relief may be granted is is thus DISMISSED WITH PREJUDICE as to all Defendants.

<u>CONCLUSION</u>

For the reasons stated above, Defendants Bank of America, First Franklin, Nationstar, and Sevier's Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No. 12) is MOOT; Defendant Trans Union's Motion to Dismiss (ECF No. 13) is GRANTED WITH PREJUDICE; Defendant Experian's Motion to Dismiss (ECF No. 15) is GRANTED WITH PREJUDICE; Defendant Equifax's Motion to Join Trans Union and Experian's Motions to Dismiss (ECF No. 35) is GRANTED; Defendants Bank of America, First Franklin, Nationstar, and Sevier's Motion to Dismiss (ECF No. 37) is GRANTED WITH PREJUDICE; Defendants Ansell, Meyer, Rosenberg, and Savitz's Motion to Dismiss (ECF No. 42) is GRANTED WITH PREJUDICE; Defendant Equifax's Motion to Join Trans Union and Experian's Replies in Support of their Motions to Dismiss (ECF No. 54) is GRANTED; Defendant U.S. Bank's Motion for Leave to File Response to Plaintiff's Complaint (ECF No. 59) is GRANTED; and Defendant U.S. Bank's Motion to Join Bank of America, First Franklin, Nationstar; and Sevier's Motion to Dismiss (ECF No. 60) is GRANTED. In sum, this case is DISMISSED WITH PREJUDICE as to all Defendants.

A separate Order follows.


Dated:      May 15, 2015            /s/_____

                                        Richard D. Bennett
                                        United States District Judge