IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENNIS SIPLE and MARION SIPLE, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-14-2841 |
| FIRST FRANKLIN FINANCIAL CORPORATION, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiffs Dennis and Marion Siple ("the Siples" or "Plaintiffs") originally brought a thirteen-count Complaint arising out of a foreclosure dispute against Defendants First Franklin Financial Corporation ("First Franklin"), U.S. Bank National Association ("U.S. Bank"), Nationstar Mortgage, LLC ("Nationstar"), Bank of America, N.A. ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Juan Soto ("Soto"),[1] Wendy Sevier ("Sevier"),[2] Mark D. Meyer ("Meyer"), John A. Ansell III ("Ansell"), Kenneth Savitz ("Savitz"), Diane S. Rosenberg ("Rosenberg")[3], Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and twenty unnamed and unknown parties. This Court previously entered a Memorandum Opinion (ECF No. 64) and Order (ECF No. 65) dismissing Plaintiffs'

---

[1] Plaintiffs identified Mr. Soto solely in the caption of the subject Complaint. *See* Compl., 1, ECF No. 1. They identified him as an agent for Mortgage Electronic Registration Systems, Inc.. *Id.* Yet, Plaintiffs never explained, either in the Complaint or in its numerous submissions to this Court, how Mr. Soto was individually liable for the alleged violations. As there was no indication of any specific claims against Mr. Soto, nor an entry of default, Plaintiffs' case was DISMISSED as to Juan Soto.
[2] Ms. Sevier was identified as an agent for Bank of America, N.A.
[3] Mr. Meyer, Mr. Ansell, Mr. Savitz, and Ms. Rosenberg were simply identified as trustees, presumably of the deed of trust referenced by Plaintiffs throughout their Complaint. *See generally* Compl.

1

Complaint with prejudice. On May 29, 2015, Plaintiffs filed the pending Motion to Reconsider (ECF No. 66), arguing that this Court misapplied the Maryland statute of limitations, and erred in denying Plaintiffs' Motion to amend their Complaint. *See id.* Additionally, Defendant Equifax filed a Motion for Joinder in Opposition to Plaintiffs' Motion to Reconsider (ECF No. 71). This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Equifax's Motion for Joinder in Opposition to Plaintiffs' Motion to Reconsider (ECF No. 71) is MOOT,[4] and Plaintiffs' Motion to Reconsider (ECF No. 66) is DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum of Opinion of May 15, 2015 (ECF No. 64). To summarize, this case arose out of a foreclosure dispute between Plaintiffs Dennis and Marion Siple and the fifteen named Defendants. *See* Compl. (ECF No. 1). On May 12, 2007, Plaintiffs executed an Adjustable Rate Note ("the Note) in the amount of $236,000 to refinance a property located at 422 Big Elk Chapel Road in Elkton, Maryland ("the Property"). *Id.* ¶ 13. Plaintiffs also executed a Deed of Trust for the Property on the same day. *Id.*; *see also* Bank of America, First Franklin, Nationstar, and Sevier's Mot. to Dismiss Ex. A, ECF No. 37-2 (Deed of Trust).

Although Plaintiffs' Complaint was not clearly stated, it appears that their claims arose from an allegedly novated mortgage agreement. Compl. ¶¶ 76-76.d, 148. Essentially, in or about October 2008, the Siples contend that they received a phone call from an unknown

---

[4] On June 15, 2015, Experian filed a Response in Opposition to Plaintiffs' Motion to Reconsider. *See* Mot. in Opposition, ECF No. 69. That same day, Equifax filed a Joinder in Experian's Motion in Opposition. *See* Mot. for Joinder, ECF No. 71. As this Court is denying the Plaintiffs' Motion for Reconsideration, this Court need not reach the pending Motion for Joinder. This case remains dismissed with prejudice as to all defendants.

individual, promising a lower payment rate if they defaulted on their mortgage. *Id.* ¶¶ 76-77. Over the next three months, the Siples failed to make their monthly mortgage payments and thus defaulted. *Id.* ¶¶ 76.a-76.c. Nationstar, the current servicer of the loan, initiated foreclosure proceedings on March 14, 2014 in the Circuit Court for Cecil County, Maryland. *Id.*; *see also* Mem. in Supp. of Bank of America, First Franklin, Nationstar, and Wendy Sevier's Mot. to Dismiss, 2, ECF No. 37-1. The Siples removed the foreclosure action to federal court, but the action was remanded back to the state court on September 11, 2014. *See* Mem. in Supp. of Bank of America, First Franklin, Nationstar, and Wendy Sevier's Mot. to Dismiss, at 2; *see also* Compl. ¶ 2. Plaintiffs then filed the subject action, seeking $50,000,000 in damages, injunctive and declaratory relief, various civil penalties, and other relief related to the foreclosure dispute. Defendants subsequently moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court granted Defendants' motion, and dismissed Plaintiffs' Complaint with prejudice. *See* Mem. Op., ECF No. 64; Order, ECF No. 65.

STANDARD OF REVIEW

Plaintiffs move to alter this Court's judgment under Rule 59 of Federal Rules of Civil Procedure. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment if the relevant motion is filed within twenty-eight days of the offending judgment. Fed. R. Civ. P. 59(e). In this case, Plaintiffs timely filed their Motion to Reconsider.

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final[5] judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)).

Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

ANALYSIS

In their Motion to Reconsider, the Siples do not allege any intervening changes in controlling law nor contend new evidence has come to light. *See generally* Mot. to Reconsider.

---

[5] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

Instead, Plaintiffs contend that this Court erred (1) in its application of the Maryland statute of limitations, and (2) by failing to permit Plaintiffs to amend the Complaint.

I. **The Maryland Twelve-Year Statute of Limitations Governing Promissory Notes is Inapplicable**

Plaintiffs' Complaint levied a series of allegations that were time-barred under the Maryland statute of limitations.[6] The Siples, in moving for reconsideration, argue that this Court's application of the Maryland statute of limitations is clear error of law. *See* Mot. to Reconsider. Federal courts sitting in diversity generally apply state statutes of limitations. *Rowland v. Patterson*, 852 F.2d 108, 110 (4th Cir. 1988). In Maryland, the statute of limitations for a civil action is "three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. § 5-101.

Plaintiffs argue that applying the general statute of limitations constitutes a clear error of law for two reasons. First, Plaintiffs argue that this Court should have applied the twelve-year exception to the statute of limitations governing promissory notes. *See* Mot. to Reconsider. The twelve-year exception for promissory notes, however, applies to claims arising from allegations of fraud found within the promissory note itself. *See Onwumbiko v. JP Morgan Chase Bank, N.A.*, No. 8:12-CV-01733-AW, 2012 WL 6019497, at *3 (D. Md. Nov. 30, 2012) *aff'd*, 532 F. App'x 404 (4th Cir. 2013). In *Onwumbiko*, this Court, applying the Maryland statute of limitations, held that that the Plaintiffs' claims of fraud and consumer

---

[6] Plaintiffs' causes of action included violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and various state law claims sounding in negligence, contract, and real property. Mem. Op., at 2.

protection were in fact based on allegations of false advertising and conspiratorial conduct that were extraneous to the deed of trust. *Id.* As in *Onwumbiko*, the Siples' claims stem from initial alleged conduct of a "lending agent," not the language of the original Note. *See* Compl., ¶ 76. Their claims therefore fall under the general statute of limitations applicable to each of their alleged causes of action, and not the twelve-year exception for promissory notes.

Second, Plaintiffs contend that, under the "continuing transaction" doctrine, their cause of action did not accrue in February of 2009, but instead renewed with each monthly payment. *See* Mot. to Reconsider at 3. In Maryland, a cause of action "accrues under the discovery rule when the plaintiff has knowledge of the legally operative facts permitting the filing of a claim …" *Master Fin., Inc. v. Crowder*, 409 Md. 51, 61 (2009). According to their Complaint, the Siples became aware of the disputed novation in February of 2009 when First Franklin refused to recognize any modifications to the original agreement. *See* Compl., ECF No. 64. Although there may have been ongoing consequences from the original alleged cause of action, "there was not a series of acts or course of conduct by [Defendants] that would delay the accrual of a cause of action to a later date." *Duke St. Ltd. P'ship v. Bd. of Cnty. Comm'rs of Calvert Cnty.*, 112 Md. App. 37, 52, (1996). This Court's application of the general Maryland statute of limitations thus was not a clear error of law.

II.     **PLAINTIFFS ALLEGE NO BASIS TO AMEND THEIR COMPLAINT**

The Siples contend that this Court erred in refusing their request to amend the Complaint. A court need not afford a plaintiff with the opportunity to amend a complaint

where "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability." *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The Siples' entire cause of action rests on the alleged 2008 phone call that they argue resulted in a novated mortgage agreement. Compl. ¶¶ 76(a)-(d).[7] Such a modification of the agreement was impossible, however, under the original terms of the loan. Pursuant to Paragraph Fifteen of the original Deed of Trust, "All notices given by Borrower or Lender in connection with this Security Instrument must be in writing." *See* Bank of America, First Franklin, Nationstar, and Sevier's Mot. to Dismiss Ex. A, ECF No. 37-2 (Deed of Trust).

These terms foreclose the possibility of enforcement of any modifications arising from a phone call that was not accompanied by any formal writing. No amendment to the Complaint would have changed the terms of the Deed of Trust. In any event, Plaintiffs never filed a motion to amend the Complaint, and do not give any indication in their Motion to Reconsider how an amended complaint might differ from the original. *See* Mot. to Reconsider. Instead, Plaintiffs simply argue that this Court's dismissal with prejudice was "far too drastic." *Id.* This constitutes an attempt to "relitigate old matters," not a "clear error of law." *Gagliano*, 547 F.3d at 241.

## CONCLUSION

---

[7] Plaintiffs acted in reliance on this call, foregoing the next three payments, and then paid a lower amount on the fourth payment than that pursuant to their original agreement. *Id.* Plaintiffs concede that after failing to make their next three payments, First Franklin Financial Corp. refused to accept the reduced payment amount, and informed them that they had in fact defaulted, unambiguously rejecting the existence of any "novated" agreement. *Id.*

For the foregoing reasons, Plaintiffs' Motion to Alter Judgment fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is this 16th day of October, 2015, HEREBY ORDERED that:

1. Defendant Equifax's Motion for Joinder in Opposition to Plaintiffs' Motion to Reconsider (ECF No. 71) is MOOT;

2. Plaintiffs' Motion to Reconsider (ECF No. 66) is DENIED; and

3. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

                                                            /s/
                                       Richard D. Bennett
                                       United States District Judge